UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**CLEOSEY DARNELL HENDERSON**                                                         **PLAINTIFF**

v.                                                                   **CIVIL ACTION NO. 3:15CV-P733-JHM**

**MICHAEL LEMKE** *et al.*                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court on initial review of Plaintiff Cleosey Darnell Henderson's *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee incarcerated in the Louisville Metro Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 against the following Defendants in their individual capacity: Michael Lemke, a Jefferson County Public Defender; Daniel T. Goyette, Executive Director/Chief Public Defender at the Jefferson County Public Defender's Office; and the "Commonwealth of Kentucky (Attorney General – Jack Conway)."

In the body of the complaint, Plaintiff separates his claims by Defendant. First, as to Defendant Lemke, he alleges as follows:

> On December 29, 2011, the Plaintiff was indicted on various alleged felonies. Plaintiff is indigent and the Court ordered the Public Defender's Office to appoint counsel. The P.D. Office first appointed Racheal Carmona who went on to private practice, then appointed Michael Lemke to represent Plaintiff knowing full well that Mr. Lemke's case load far exceeded state limits. Having close to 200 or 300 serious felony cases at one time, picking and choosing which client he would focus on to provide service. My 5th amendment Right to Equal Protection

under law, My 5th amendment Right to Due Process of law, and my 6th amendment Right to effective assistant of counsel have been violated. Michael Lemke has failed to prepare an adequate defense. Ask for a continuance of the Plaintiff October 28, 2013 trial after being advised by the plaintiff not to. Withholds information (concerning Det. Kim farmer) and conspires with the prosecution. Plaintiff has been detained close to four (4) years filing pro se motions because they Defendant Refuses to. The ineffectiveness of the defendants has caused stress, anguish not just to the Plaintiff but also to the plaintiff's family, Loss of hair, Loss of sleep, health problems and has caused the plaintiff to Linger in jail for years.

Second, as to the claims against Defendant Goyette, Plaintiff alleges as follows:

[Goyette] Took his position knowing the Public defender's office was under funded and was not receiving nor would recieve relief from the Commonwealth of Kentucky. This defended knew being Chief Public defender that the 5th and 6th amendment Rights of every client including the plaintiff would be violated, yet continues to assign clients to public defenders without protest or complaining about the underfunding, going home nightly while many including plaintiff linger in Jail for years holding only to the hope of going home. This defendant continues to burden down his subordinates with such heavy case loads, pressing out and Exstinguishing their fire of effectiveness. This defendant took the Executive position knowing that he did not have nor would recieve from the Commonwealth of Ky the resources that would help his subordinates become the most effective Public defender that they could possibly be.

Finally, Plaintiff claims as follows:

The Commonwealth of Ky does not provide the proper funding to the Public defenders office to adequately and effectively represent it's clients. Forcing the Public defenders office to use meager resources to suppliment other means and ways to handle their already overloaded case loads. Underfunding by the Commonwealth of Ky has caused those employed by the Public defenders office who each are assigned to at least 200 to 300 separate felony cases to ineffectively and insufficiently represent their clients and forces them to knowingly violate the 5th and 6th Amendment Rights of their clients including the Plaintiff.

As relief in the complaint, Plaintiff seeks monetary and punitive damages and injunctive relief in the forms of dismissing his criminal case for failure to provide effective counsel and of providing "the best Private Counsel possible."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Plaintiff brings his action under 42 U.S.C. § 1983. "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. *Public Defender Lemke*

Defendant Lemke was appointed to represent Plaintiff in his state-court criminal proceeding. "A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983." *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981)). While

4

an exception exists if an attorney has engaged in a conspiracy with state officials to deprive another of federal rights, *see Tower v. Glover*, 467 U.S. 914, 920 (1984), Plaintiff has not set forth facts sufficient to state a conspiracy claim. See *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Hooks v. Hooks*, 771 F.2d 935 (6th Cir. 1985). He states only and in a conclusory fashion that Defendant Lemke "conspires with the prosecution." Plaintiff, therefore, fails to state a § 1983 claim against Defendant Lemke, and the claims against that Defendant will be dismissed.

### B. Chief Public Defender/Executive Director Goyette

To the extent Plaintiff is suing Defendant Goyette based on his position as Chief Public Defender/Executive Director, the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Further, a defense attorney is not a state actor for purposes of § 1983 when performing a traditional lawyer function. *Polk Cty. v. Dodson*, 454 U.S. at 325 ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

The crux of Plaintiff's claims about public defenders is that they are underfunded. He does not argue that they are underfunded due to the allocation of resources within Public Defender's Office by Defendant Goyette. Instead, he argues that the underfunding is by the Commonwealth of Kentucky. Therefore, this case is distinguishable from *Powers v. Hamilton County Pub. Defender Comm'n*, 501 F.3d 592 (6th Cir. 2007), in which the Sixth Circuit held that the Public Defender could be a § 1983 state actor where the allegations involved the Public Defender's administrative acts to allocate resources in such a way as to violate the Constitution.

5

Here, Plaintiff argues that the state has failed to provide appropriate funding, thus, leaving the Public Defender's Office without adequate resources. Plaintiff's claims against Defendant Goyette, therefore, will be dismissed for failure to state a claim.

### C. *"Commonwealth of Kentucky (Attorney General – Jack Conway)"*

It is unclear whether Plaintiff is seeking to sue the Commonwealth of Kentucky or Jack Conway. To the extent Plaintiff is suing the Commonwealth of Kentucky, the Court will dismiss the claims against the state on two bases. First, a state is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Second, the Eleventh Amendment[1] bars the claims. A state may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

To the extent Plaintiff is attempting to sue Jack Conway based on his former position as Attorney General, he fails to allege that Defendant Conway was actively involved in any of the alleged wrongdoing. In fact, Plaintiff fails to state any facts involving Defendant Conway. *See*

---

[1] The Eleventh Amendment to the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." Although the Eleventh Amendment does not address the situation where a state's own citizen initiates suit against it, case law has interpreted the amendment to foreclose that possibility. *Barton v. Summers*, 293 F.3d 944, 948 (6th Cir. 2002) (citing *Hans v. Louisiana*, 134 U.S. 1 (1890)).

6

*Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986) (stating that "some factual basis for the claims under § 1983 must be set forth in the pleadings" and "mere conclusory allegations of unconstitutional conduct" are insufficient). The Court, therefore, will dismiss the individual-capacity claims against Defendant Conway.

Finally, Plaintiff's claim that the state's underfunding of the Public Defender's Office is depriving him of constitutionally effective counsel is not cognizable. *See Gardner v. Luckey*, 500 F.2d 712, 715 (5th Cir. 1974) ("[W]e hold that appellants cannot get into federal court to make their sweeping challenge to the operation of the Florida Public Defender Offices."). As the Sixth Circuit has stated, Plaintiff "cannot use the federal court as a means of challenging the operation and funding of the Kentucky public defender system." *Rayner v. City of Louisville Metro*, No. 10-5738 (6th Cir. May 18, 2011) (unpublished) (citing *Luckey*).

For these reasons, the claims against Defendant "Commonwealth of Kentucky (Attorney General – Jack Conway)" will be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from such relief.

### D.  Claims for Injunctive Relief

Plaintiff also asks this Court (1) to dismiss his criminal action for failure to provide effective counsel and (2) to provide him with "the best Private Counsel possible."

In seeking dismissal of his criminal action, Plaintiff seeks immediate release from imprisonment. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus."[2] *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff is seeking immediate release from detention, the § 1983 claim cannot lie.

Additionally, as to both requests for injunctive relief, "a federal court should not interfere with a pending state criminal proceeding except in the rare situation where an injunction is necessary to prevent great and immediate irreparable injury." *Fieger v. Thomas*, 74 F.3d 740, 743 (6th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). "*Younger* abstention in civil cases requires the satisfaction of three elements. Federal courts should abstain when (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims." *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

Plaintiff reports that he is a pretrial detainee and that his criminal case has been pending in the state court for close to four years. The Commonwealth of Kentucky has an important state interest in adjudicating that matter. Plaintiff has failed to articulate any reason to believe that the Kentucky state courts will not fully and fairly litigate his constitutional claims. If he is convicted in the trial court, he still has a number of state court remedies available to him, including appeals to the Kentucky Court of Appeals and the Kentucky Supreme Court as well as state post-conviction motions. In light of the available avenues through which to raise his constitutional challenges, this Court will not interfere with an on-going Kentucky state-court proceeding.

---

[2] Pretrial detainees, in certain circumstances, may seek habeas relief under 28 U.S.C. § 2241(c) following exhaustion of available state remedies. *See Braden v. 30th Judicial Circuit of Ky.*, 410 U.S. 484, 488, 493 (1973) (finding that petitioner properly brought a § 2241 petition "to raise his speedy trial claim" for an order directing respondent to afford him an immediate trial).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: January 26, 2016

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Attorney General, Commonwealth of Kentucky
4414.005